The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: August 25 2017

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 16-33557 |
| | ) | |
| Apichat Phoongtoop and | ) | Chapter 7 |
| Arisara Sosut, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION REGARDING OBJECTION TO EXEMPTION

This case came before the court for hearing on March 16, 2017, on the Chapter 7 Trustee's Objection to Debtor's Claim of Exemptions [Doc. # 13] and Debtors' response [Doc. # 22]. The Trustee appeared at the hearing by telephone. Debtors and Debtors' Attorney appeared in person. Trustee objects to exemptions claimed by Debtors under Ohio Revised Code §§ 2329.66(A)(6)(b), 3911.10, 3911.12 and 3911.14. The parties agreed that no facts are in dispute but that a further status hearing should be scheduled to occur after the bar date in order for the Trustee to determine whether to pursue the Objection. A further hearing was held on June 15, 2017. Debtors and Debtors' Attorney appeared in person. There was no appearance by, or on behalf of, the Trustee. The Objection has not been withdrawn.

The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b) and the general order of reference entered in this district. This is a core proceeding that the court may hear and decide under 28 U.S.C. § 157(b)(1) and (b)(2)(B). Having considered the Objection and Debtors' response, for the reasons discussed below, the court will sustain the objection.

## BACKGROUND

The relevant facts are simple and undisputed. Debtors, who are originally from Thailand, filed their Chapter 7 bankruptcy petition on November 11, 2016. Their bankruptcy schedules list personal property, including a life insurance policy with a cash surrender value of $7,619.29. The policy names two beneficiaries, Watana Toland and Pearl Kanokkpan Grafton, [Doc. #1, p. 14/69, Schedule A/B], neither of whom are a spouse, a child or a dependent of Debtors. Debtors do not contend, nor do their bankruptcy schedules suggest, that the beneficiaries are their creditors. [*See id.,* Schedules D and E/F]. In is undisputed that Debtors' intent in naming the beneficiaries was that they would use the proceeds of the policy for the purpose of caring for Debtors' children.

The Trustee does not dispute Debtors' intent when naming the beneficiaries but argues that the relevant exemption statutes do not provide an exemption in a life insurance policy that names individuals other than a spouse, child, dependent or creditor.

## LAW AND ANALYSIS

As authorized by 11 U.S.C. § 522(b)(1), the Ohio legislature has opted out of the federal bankruptcy exemptions established under 11 U.S.C. § 522(d). *See* Ohio Rev. Code § 2329.662. As a result, debtors for whom the applicable exemption law under § 522(b)(3)(A) is Ohio law must claim exemptions under the relevant Ohio statutes and under applicable non-bankruptcy federal law. Ohio exemption law applies to Debtors as they have been domiciled in this state for more than the 730 days preceding the date of the filing of their petition. *See* 11 U.S.C. § 522(b)(3)(A); Doc. # 1, p. 47/69, SOFA question 2.

The Trustee, as the party objecting to the exemption, has the burden of establishing that Debtors are not entitled to the claimed exemptions. Fed. R. Bankr. P. 4003(c); *In re Wengerd*, 453 B.R. 243, 246 (B.A.P. 6th Cir. 2011). In making this determination, and in order to further the fresh-start policy of the Bankruptcy Code, exemption statutes are to be liberally construed in a debtor's favor. *Id.* Nevertheless, "a court cannot create an exemption where one does not exist; nor can a court go contrary to the express language of the statute." *In re Bunnell*, 322 B.R. 331, 334 (Bankr. N.D. Ohio 2005).

Section 2329.66(A)(6)(b) of the Ohio Revised Code provides for an exemption in a life insurance policy "as exempted by section 3911.10 of the Revised Code."[1] Section 3911.10 provides as follows:

> All contracts of life or endowment insurance or annuities upon the life of any person, or any

---

[1] Although Debtors also refers to Ohio Revised Code §§ 3911.12 and 3911.14 in their bankruptcy Schedule C, the court finds neither of those statutes have any relevance to an exemption to which Debtors are entitled in the life insurance policy.

interest therein, which may hereafter mature and which have been taken out for the benefit of, or made payable by change of beneficiary, transfer, or assignment to, the spouse or children, or any persons dependent upon such person, or an institution or entity described in division (B)(1) of section 3911.09 of the Revised Code, or any creditor, or to a trustee for the benefit of such spouse, children, dependent persons, institution or entity, or creditor, shall be held, together with the proceeds or avails of such contracts, subject to a change of beneficiary if desired, free from all claims of the creditors of such insured person or annuitant.

There is no dispute that the named beneficiaries in the life insurance policy at issue do not fit under any category of beneficiaries listed in § 3911.10 that would result in the life insurance policy being exempt from claims of creditors in Debtors' bankruptcy case. Under § 3911.10, a life insurance policy may be claimed as exempt only if the beneficiary of the policy is the insured's spouse, child, dependent, or creditor, is an institution or entity described in § 3911.09(B)(1), or is a trustee of a trust for the benefit of one of the listed beneficiaries. The beneficiaries are not a spouse or child the Debtors, and are not dependents or creditors of Debtors. Nor are either of them an institution or entity described in § 3911.09(B)(1).[2] Finally, as set forth in Debtors' bankruptcy Schedule A, the beneficiaries are named in their own right and not as trustees.

In *Bunnell*, the court was faced with a similar factual scenario. The debtor claimed an exemption in her life insurance policy that named her sister as the sole beneficiary. The debtor had a prior testamentary will in effect wherein she bequeathed all of her property in trust, naming her sister as the trustee and her children as the sole beneficiaries. *Bunnell*, 322 B.R. at 333. The debtor argued that in naming her sister individually as the beneficiary of her life insurance policy, she intended any insurance proceeds to be paid to her sister in trust for the debtor's children. The court rejected this argument, finding that both policy considerations and basic contractual principles dictated its conclusion. The court found that the debtor's position that a policy owner's later assertion of their intent may control over an unambiguous beneficiary designation would undermine the policy decision of the Ohio legislature to limit the class of protected beneficiaries since "every debtor, when faced with a nonqualifying beneficiary, could make a later assertion to the contrary." *Id.* at 335. The court also explained that settled contractual principles require a court, where the contract is unambiguous, "to presume that the parties' intent resides in the words of the agreement; parol or other extrinsic evidence is inadmissible for the purpose of varying or contradicting the

---

[2] Such institutions and entities include "[a]ny religious, charitable, scientific, literary, educational, or other institution or entity that is described in section 170, 501(c)(3), 2055, or 2522 of the 'Internal Revenue Code of 1986,' 100 Stat. 2085, 26 U.S.C.A. 170, 501, 2055, 2522, as amended. . . ." Ohio Rev. Code § 3911.09(B)(1).

3

writing." *Id.* Therefore, the court found that "it cannot just be assumed that, in naming her sister individually as the beneficiary of her life insurance policy, the Debtor intended to create a trust for the benefit of her children." *Id.*

This court finds the reasoning in *Bunnell* persuasive. To the extent that Debtors' argument is that their life insurance policy was "taken out for the benefit of" their children within the meaning of the statute since, in naming the beneficiaries, they intended for the proceeds of the policy to be used to care for their children, their argument is not well taken.

Debtors also raise an equitable argument that, being from Thailand, cultural differences resulted in their understanding that the beneficiaries named would result in the insurance policy proceeds being used for the benefit of their children. While the Trustee does not dispute that to be the case, the court does not believe such considerations form a proper basis for rejecting the policy considerations and basic contractual principles discussed in *Bunnell*. As the named beneficiaries do not otherwise fall within the protected beneficiary categories in § 3911.10, Debtors are not entitled to claim an exemption under §§ 2329.66(A)(6)(b) and 3911.10.

The court will enter a separate order in accordance with this Memorandum of Decision.

###